FILED

2003 OCT 16 P 1:00

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM E. CALLAHAN | : |
|     PLAINTIFF | : |
| VS. | : DOCKET NO: 3:01CV1205(CFD) |
| UNISOURCE WORLDWIDE, INC., GEORGIA-PACIFIC CORPORATION, ALCO STANDARD CORPORATION AND IKON OFFICE SOLUTIONS, INC. | : : |
|     DEFENDANTS | : OCTOBER 16, 2003 |

**PLAINTIFF'S MOTION TO EXTEND THE TIME
IN WHICH TO COMPLETE DISCOVERY UNTIL
DECEMBER 10, 2003 NUNC PRO TUNC
AND HIS OBJECTION TO DEFENDANTS'
MOTION TO QUASH**

Plaintiff moves the Court for an order extending the time in which discovery may be completed until December 10, 2003 and objects to defendants' motion to quash the Setta subpoena and the Notice of Deposition for the Custodian of Records of Unisource for the following reasons.

1. The original Report of Parties' Planning Meeting called for discovery to be completed six months after the Court ruled on motions to dismiss. The Court did rule on the defendants' motions to dismiss on March 27, 2003.

2. During this period the plaintiffs have provided responses without objection to defendant Unisource's First Set of Interrogatories and to their First Request for their Production of Documents. These responses including documents were provided during August 2003, and plaintiff submitted to his deposition on August 25, 2003.

3. Discovery disputes arose only with respect to documents involving records of plaintiff Callahan's attorney Albert McGrail who is now deceased and whether or not the plaintiff would assert the attorney client privilege or work product immunity with respect to those documents.

4. Plaintiff has decided to provide all documents reflecting communications between him and attorney McGrail as well as memoranda made by attorney McGrail during negotiations with Gary Setta who was a Vice President of human resources at Unisource and who negotiated the Callahan severance agreement. It is plaintiff's claim and his testimony at deposition that Setta told attorney McGrail on speaker phone in plaintiff's presence that Setta had the authority to promise plaintiff the vested and immutable benefit of the 1991 IKON Deferred Compensation Plan as part of plaintiff's severance agreement. That benefit included not only the deferred compensation

payments when plaintiff reached age 65 but also the cash value and death benefit of a split dollar life insurance policy.

5. Those documents in attorney McGrail's file are being copied and will be provided forthwith to the defendants.

6. Plaintiff has noticed Mr. Setta's deposition for October 28 and the deposition for the Custodian of Records at Unisource for October 20, 2003. On Friday, October 10, 2003, Jennifer Sachs contacted the undersigned and advised that Unisource was moving to quash the subpoena issued to Setta and the Notice of Deposition that contained a request for production of the Custodian of Records at Unisource, because discovery had closed. Defendants' motion to quash was received in the mail yesterday afternoon, October 15, 2003.

7. Plaintiff will need to take a total of five depositions which can be accomplished by December 10, 2003 which depositions include Setta. Plaintiff has moved to consolidate this case with the case of Eugene Paneccasio, because both plaintiffs were employees of Unisource, both plaintiffs were participants in the 1991 Deferred Compensation Plan, Unisource is a common defendant to both, and plaintiff's motion to amend is pending in this case with respect to the IKON defendants.

8. This extension of time is sought nunc pro tunc, because plaintiff's counsel's extraordinary trial commitments over the past eight months have not permitted him to complete discovery in this case within a six month period from March 27, 2003.

9. Counsel's commitments to a criminal trial in this Court did cause a delay in certain other cases including this case, and it is therefore necessary that plaintiff's counsel seek an extension of time until December 10, 2003 in which to complete discovery in this case.

10. There is no prejudice to the defendants, and they are being provided with virtually all the discovery they have requested without any protracted litigation.

11. Undersigned counsel recognizes that this motion for extension of time should have been sought prior to September 27, 2003 but has already noticed two of the depositions and is prepared to proceed.

12. For these reasons which are extraordinary given the commitments of plaintiff's counsel in the Giordano case, it is respectfully requested that plaintiff be permitted to proceed with the completion of his discovery not later than December 10, 2003 and that defendants' motion to quash be denied.

THE PLAINTIFF,
WILLIAM E. CALLAHAN

BY *[signature]*
ANDREW B. BOWMAN
Federal Bar No: ct00122
1804 Post Road East
Westport, CT 06880
(203) 259-0599
(203) 255-2570 (Fax)

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 16th day of October, 2003 to:

Felix J. Springer
Jennifer L. Sachs
Day, Berry & Howard
CityPlace 1
Hartford, CT 06103-3499

Rayne Rasty, Esq.
Georgia-Pacific Corporation
133 Peachtree St. NE
Atlanta, GA 30303

Kay Kyungsun Yu, Esq.
Joseph Costello, Esq.
S. Elizabeth Hamilton
Morgan, Lewis & Bockius
1701 Market Place
Philadelphia, PA 19103

Robert L. Wyld, Esq.
Patrick Fahey, Esq.
Shipman & Goodwin
1 American Row
Hartford, CT 06103

_____
ANDREW B. BOWMAN