UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM E. CALLAHAN, ) | |
|   Plaintiff, ) | Civil Action No. 301 CV1205 (CFD) |
| ) | |
| vs. ) | |
| ) | |
| UNISOURCE WORLDWIDE, INC., and ) | |
| GEORGIA-PACIFIC CORPORATION, ) | |
|   Defendants. ) | October 30, 2003 |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S DISCOVERY MOTIONS

### PRELIMINARY STATEMENT

Defendants Unisource Worldwide, Inc. ("Unisource") and Georgia-Pacific Corporation ("Georgia-Pacific") (collectively "Defendants"), through their attorneys Day, Berry & Howard, LLP, respond as follows to the numerous discovery motions recently filed by Plaintiff in this matter.  As set forth below, Defendants object to Plaintiff's motion for an extension of time in which to complete discovery, including the late-noticed deposition of Gary Setta and the four other, as-yet unnamed individuals Plaintiff apparently intends to depose; and Defendants further object to consolidation of this case with the unrelated case captioned Paneccasio v. Unisource Worldwide et al., No. 3:01 CV 2065 (CFD).   Moreover, Defendants submit that, to the extent the Court wishes to permit further discovery by Plaintiff's counsel, (1) the Court should first resolve Defendants' pending Motion for Summary Judgment, which may result in dismissal of this action without the need for additional discovery; and (2) the Court should require Plaintiff to identify

specifically what discovery he intends to pursue and should place appropriate limits on his ability to do so.

## ARGUMENT

This case has been pending before the Court for years. As Plaintiff acknowledges (see Pl. Mot. to Extend at p. 2), the Court ruled on Defendants' motion to dismiss over six months ago, on March 27, 2003, and specifically ordered that discovery be completed by September 27, 2003. Plaintiff's counsel at no time sought an extension of this deadline prior to its passing, nor did he even inquire of Defendants' counsel about such an extension. For their part, after the discovery deadline had passed, Defendants filed a Motion for Permission to File Motion for Partial Summary Judgment, setting forth one, limited basis (Plaintiff's prior waiver of the age discrimination claim that forms the basis of this complaint) on which Defendants believe the Court can decide this case, and which requires no additional discovery for resolution.

Plaintiff has not yet responded to Defendants' motion. Apparently realizing that his age discrimination case was in jeopardy of being dismissed on summary judgment, however, Plaintiff subsequently issued several deposition notices and subpoenas in an evident attempt to bolster a future claim that the summary judgment motion was premature and to further delay proceedings in this matter. Defendants moved to quash this discovery as untimely, and on October 16, 2003, Plaintiff brought motions (without first seeking to obtain Defendants' position) to extend the discovery cutoff to allow him to take five (for the most part unidentified) depositions; to compel

compliance with his untimely subpoena and notice of deposition; and to consolidate discovery in the two cases.

This Court should reject Plaintiff's belated attempt to extend discovery, particularly since it is patently a means of fending off Defendants' pending summary judgment motion. (Plaintiff has not even bothered to specify what discovery, beyond the Gary Setta deposition, he allegedly needs, making highly suspect his claim that he needs any discovery at all.) As set forth in Defendants' summary judgment motion and supporting memorandum, the waiver issue raised therein can and should be resolved by the Court without resort to any additional discovery, and thus there is no reason to afford Plaintiff discovery at this point. As such, should this Court be inclined to extend the discovery timetable, Defendants request that the Court first adjudicate its motion for summary judgment so that, should the Court grant the motion, the parties can avoid unnecessary expense. Moreover, when and if discovery does resume in this case, Defendants request that Plaintiff specify precisely what additional discovery he intends to take, and that the Court issue its order accordingly.

The Court also should deny Plaintiff's motion to consolidate discovery in this case with the Paneccasio case. Although both cases involve the termination of a deferred compensation plan and involve certain (but not all) common defendants, they arise from completely different factual contexts – Plaintiff allegedly was promised the benefit in 1998 as part of a separation agreement and release, Paneccasio as part of an early retirement program several years earlier – and there is

virtually no overlap in the discovery that Plaintiff could obtain from any Unisource witness. Consolidation thus would merely complicate these cases, not achieve any savings of time or resources.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court enter an Order (1) denying Plaintiff's motions for extension of discovery, to consolidate discovery, and to compel compliance with untimely subpoenas and notices of deposition; (2) granting Defendants' motion for permission to file motion for partial summary judgment; and (3) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

DEFENDANTS UNISOURCE WORLDWIDE, INC. AND GEORGIA-PACIFIC CORPORATION

By _____
    Felix J. Springer (ct 05700)
    Jennifer L. Sachs (ct 20684)
    Day, Berry & Howard, LLP
    CityPlace I
    Hartford, CT  06103-3499
    Tel:  860/275-0100
    Fax: 860/275-0343
    E-mail: fjspringer@dbh.com
          jlsachs@dbh.com

    Rayne Rasty (ct 24918)
    Georgia-Pacific Corporation
    133 Peachtree St. NE
    Atlanta, GA  30303
    Tel:  404/652-4972
    Fax:  404/584-1461
    E-mail:  rmrasty@gapac.com

## CERTIFICATE OF SERVICE

       This is to certify that on this date, I served a copy of the foregoing via first-class mail, postage prepaid to:

> Andrew B. Bowman, Esq.
> 1804 Post Road East
> Westport, CT 06880
>
> Kay Kyungsun Yu
> Joseph Costello
> S. Elizabeth Hamilton
> Morgan, Lewis & Bockius
> 1701 Market Place
> Philadelphia, PA 19103
>
> Robert L. Wyld
> Patrick Fahey
> Shipman & Goodwin
> 1 American Row
> Hartford, CT 06103

\-                                         Felix J. Springer