IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM E. CALLAHAN, | : |
|     Plaintiff | : |
| | :    DOCKET NO. 3:01CV1205 (CFD) |
| v. | : |
| UNISOURCE WORLDWIDE, INC., et al. | : |
|     Defendants. | :    MARCH 11, 2004 |

### ANSWER AND AFFIRMATIVE DEFENSES OF THE IKON DEFENDANTS

### ANSWER

Defendants IKON Office Solutions, Inc. ("IKON") and Alco Standard Corporation ("Alco") (collectively referred to as the "IKON Defendants"), by their attorneys, hereby serve their Answer and Affirmative Defenses to Plaintiff's Amended Complaint (the "Complaint"), in accordance with the numbered paragraphs thereof as follows:

    1.    The IKON Defendants admit that Plaintiff William E. Callahan seeks to bring this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. The IKON Defendants deny the remaining allegations of paragraph 1.

    2.    The allegations of paragraph 2 of the Complaint constitute conclusions of law to which no responsive pleading is required.

    3.    The IKON Defendants admit that Plaintiff was formerly employed by Unisource Worldwide, Inc. ("Unisource"). The IKON Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 of the Complaint.

4. The IKON Defendants admit that Unisource was a Delaware corporation with offices located at 100 Helmsford Way and 7 Waterside Crossing, Windsor, Connecticut. The IKON Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of the Complaint.

5. The IKON Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

6. The IKON Defendants deny that any unlawful conduct was committed as alleged in Plaintiff's Complaint. The IKON Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 of the Complaint.

7. The IKON Defendants admit that Alco was an Ohio corporation. The IKON Defendants further admit that, on or about December 10, 1990, Alco entered into a Participation Agreement with Plaintiff. The IKON Defendants deny the remaining allegations of paragraph 7 of the Complaint.

8. The IKON Defendants admit the allegations of the first sentence of paragraph 8 of the Complaint. The IKON Defendants further admit that the Alco Standard Corporation 1991 Deferred Compensation Plan (the "1991 Deferred Compensation Plan" or the "Plan") was amended to reflect that Alco had changed its name to IKON Office Solutions, Inc. The IKON Defendants further admit that, under the Participation Agreement, Plaintiff and Alco expressly agreed that the terms of the Plan, as it may be amended from time to time, are incorporated in the Participation Agreement by reference and the Participation Agreement is to

be interpreted by reference to such Plan. The IKON Defendants deny the remaining allegations of paragraph 8 of the Complaint.

### FIRST CLAIM FOR RELIEF

9. The IKON Defendants admit that Plaintiff was born on April 9, 1948 and was employed by Unisource until December 31, 1998. The IKON Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of the Complaint.

10. The IKON Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint. Furthermore, no responsive pleading is required of the IKON Defendants as the allegations of paragraph 10 are directed at Unisource and Georgia-Pacific Corporation (the "Unisource Defendants").

11. No responsive pleading is required of the IKON Defendants as the allegations of paragraph 11 of the Complaint are directed at the Unisource Defendants. Furthermore, the allegations of paragraph 11 constitute conclusions of law to which no responsive pleading is required.

12. No responsive pleading is required of the IKON Defendants as the allegations of paragraph 12 of the Complaint are directed at the Unisource Defendants. Furthermore, the allegations of paragraph 12 constitute conclusions of law to which no responsive pleading is required.

13. The IKON Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint. Furthermore, no responsive pleading is required of the IKON Defendants as the allegations of paragraph 13 of the Complaint are directed at the Unisource Defendants.

<u>SECOND CLAIM FOR RELIEF</u>

1-10. The IKON Defendants incorporate and reassert their answers to Paragraphs 1 through 10 of Plaintiff's First Claim for Relief as if fully stated herein.

11. The allegations of this paragraph 11 of the Complaint constitute conclusions of law to which no responsive pleading is required.

12. The IKON Defendants deny the allegations of this paragraph 12 of the Complaint.

13. The IKON Defendants deny the allegations of this paragraph 13 of the Complaint.

14. The IKON Defendants deny the allegations of paragraph 14 of the Complaint.

15. The IKON Defendants deny the allegations of this paragraph 15 of the Complaint.

16. The IKON Defendants deny the allegations of this paragraph 16 of the Complaint.

WHEREFORE, the IKON Defendants deny that Plaintiff is entitled to any of the relief he requests. The IKON Defendants further deny that Plaintiff is entitled to a trial by jury as no right to a jury trial exists under ERISA.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust the administrative remedies available under the 1991 Deferred Compensation Plan.

### THIRD AFFIRMATIVE DEFENSE

The 1991 Deferred Compensation Plan was established and maintained primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees. Such plans are commonly referred to as top hat plans. Pursuant to Section 401(a) of ERISA, 29 U.S.C. § 1101(a), top hat plans are exempt from the breach of fiduciary provisions of ERISA. Accordingly, Plaintiff cannot maintain a claim of breach of fiduciary duty under ERISA.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff alleges that the act of terminating the 1991 Deferred Compensation Plan is the basis for a claim of breach of fiduciary duty, such claim is barred on the basis that terminating a benefit plan constitutes a settlor function, not a fiduciary function.

Respectfully submitted,

*[signature: P M Fahey]*

Kay Kyungsun Yu (ct13440)
Joseph J. Costello
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
215.963.5000

Robert L. Wyld (ct04333)
Patrick Fahey (ct13862)
Shipman & Goodwin
One American Row
Hartford, Connecticut 06103
860.251.5000

Attorneys for the IKON Defendants

OF COUNSEL:

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses of the IKON Defendants was served via First-Class, United States mail on this 11th day of March, 2004 as follows:

>Andrew B. Bowman, Esq.
>1804 Post Road East
>Westport, CT 06880
>
>Rayne Rasty, Esq.
>Georgia-Pacific Corporation
>133 Peachtree Street NE
>Atlanta, GA 30303-1847
>
>Felix J. Springer, Esq.
>Jennifer L. Sachs, Esq.
>Day, Berry & Howard
>CityPlace 1
>Hartford, CT 06103-3499

_____
Patrick M. Fahey

1-PH/1980171.1