IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM E. CALLAHAN | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 3:01CV1205 (CFD) |
| | : | |
| UNISOURCE WORLDWIDE, INC., et al. | : | |
| | : | |
| Defendants | : | October 29, 2004 |
| | : | |

**THE IKON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56, Defendants Alco Standard Corporation ("Alco") and IKON Office Solutions, Inc. ("IKON") (collectively referred to as the "IKON Defendants") hereby submit their motion for summary judgment.[1] This case arises out of Plaintiff William E. Callahan's claim that, notwithstanding the express terms of the 1991 Deferred Compensation Plan (the "Plan") permitting IKON Office Solutions, Inc. to terminate the Plan in its entirety under the circumstances that existed at that time, the Plan could not be terminated as to him. In pursuing this action, Callahan attempts to recover benefits that are simply not available under the terms of the Plan. Callahan argues nonetheless that there exist violations of the Employee Retirement Income Security Act ("ERISA").[2] Callahan's arguments, however, ignore the plain language of the Plan. The Plan's Termination Provision gave the Board of Directors of IKON the discretion to determine whether the Plan would cause an adverse financial impact on IKON

---

[1] Defendants Unisource Worldwide, Inc. ("Unisource") and Georgia-Pacific Corporation ("Georgia-Pacific") are filing their motion for summary judgment separately.

[2] Although Callahan includes allegations relating to the Age Discrimination in Employment Act ("ADEA") he has not asserted an ADEA claim against the IKON Defendants. See Amended Complaint, First Claim for Relief.

-2-

and to act to terminate the Plan under such circumstances. The Board made such a determination and took action to terminate the Plan. Thereafter, the benefits specified under the Termination Provision were paid to all Plan participants, including Callahan. The termination of the Plan and the subsequent payment of benefits in accordance with the Plan's Termination Provision were lawful under ERISA. Therefore, the Court should grant the IKON Defendants' motion for summary judgment.

In support of their motion for summary judgment, the IKON Defendants submit this Memorandum of Law and their Local Rule 56(a)(1) Statement with accompanying evidentiary materials.

Respectfully submitted,

_____
Kay Kyungsun Yu
Federal Bar No. ct13440
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4188 Telephone
(215) 689-4515 Facsimile

OF COUNSEL:

Joseph J. Costello
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5295

| | |
|---|---|
| LOCAL COUNSEL: | Robert L. Wyld |
| | Federal Bar No. ct04333 |
| | Patrick M. Fahey |
| | Federal Bar No. ct13872 |
| | Shipman & Goodwin |
| | One Constitution Plaza |
| | Hartford, Connecticut 06103 |
| | (860) 251-5620/5824 |

## CERTIFICATE OF SERVICE

I, Kay Kyungsun Yu, hereby certify that on October 29, 2004, a true and correct copy of the foregoing IKON Defendants' Motion for Summary Judgment was served via First-Class Mail upon the following:

Andrew B. Bowman, Esq.
1804 Post Road East
Westport, CT 06880

Rayne Rasty, Esq.
Georgia-Pacific Corporation
133 Peachtree Street NE
Atlanta, GA 30303-1847

Felix J. Springer, Esq.
Jennifer L. Sachs, Esq.
Day, Berry & Howard
CityPlace 1
Hartford, CT 06103-3499

_____
Kay Kyungsun Yu