United States District Court
District of Connecticut
FILED AT      HARTFORD
Nov. 3, 2005
Kevin F. Rowe, Clerk
By: Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM E. CALLAHAN, | ) |
| | ) Civil Action No. 301 CV1205 (CFD) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNISOURCE WORLDWIDE, INC., | ) |
| GEORGIA-PACIFIC CORPORATION, | ) |
| ALCO STANDARD CORPORATION and | ) |
| IKON OFFICE SOLUTIONS, INC., | ) |
| | ) |
| Defendants. | ) November 3, 2005 |

**UNISOURCE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Unisource Worldwide, Inc. ("Unisource") and Georgia-Pacific Corporation ("Georgia-Pacific") (collectively the "Unisource Defendants"), by their attorneys Day, Berry & Howard, LLP, answer as follows Plaintiff's Amended Complaint.

1.      The Unisource Defendants admit that Plaintiff William E. Callahan ("Plaintiff") asserts that he brings this action to seek redress for alleged violations of ERISA and the ADEA and various other causes of action and seeks damages for such alleged unlawful conduct. The Unisource Defendants deny that any such unlawful conduct occurred and deny any remaining allegations in Paragraph 1.

2.      The Unisource Defendants admit that this court is the proper jurisdiction for Plaintiff's ADEA and ERISA claims and that the amount in controversy exceeds $75,000 exclusive of interest and costs. The Unisource Defendants deny any remaining allegations in Paragraph 2.

3. The Unisource Defendants admit that Plaintiff was employed by Unisource as Vice President of Customer Service at its Windsor, Connecticut office; and the Unisource Defendant lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 3 and therefore leave Plaintiff to his proof.

4. The Unisource Defendants admit that Unisource is incorporated in the state of Delaware and that Unisource has, at time, had offices in Connecticut and Pennsylvania. The Unisource Defendants deny any remaining allegations in Paragraph 4.

5. The Unisource Defendants admit the allegations in Paragraph 5.

6. The Unisource Defendants deny the allegations in Paragraph 6, except the Unisource Defendants admit that in or about July 1999, Georgia-Pacific acquired Unisource as a wholly owned subsidiary.

7. The Unisource Defendants admit that ALCO Standard Corporation ("ALCO") administered a plan known as the 1991 Deferred Compensation Plan. The Unisource Defendants lack knowledge or information sufficient to form a belief as to any remaining allegations contained in Paragraph 7 and therefore leave Plaintiff to his proof.

8. The Unisource Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 and therefore leave Plaintiff to his proof.

### **FIRST CLAIM FOR RELIEF**

9. The Unisource Defendants admit that Plaintiff's reported date of birth is April 9, 1948 and that he was employed by Unisource and its predecessors through 1998, when his employment with Unisource terminated; and that at the time of the employment termination he held the position of Vice President of Customer Service at Unisource's offices in Windsor, Connecticut. The Unisource Defendants deny any remaining allegations in Paragraph 9.

10. The Unisource Defendants deny the allegations in Paragraph 10 and all of its subparts, except the Unisource Defendants admit that, in 1998, Plaintiff executed a Separation Agreement that included a full and complete release of any and all claims that Plaintiff may have against the Unisource Defendants (including the claims asserted in the Amended Complaint) and state that the terms of the Separation Agreement are set forth therein.

11. The Unisource Defendants deny the allegations in Paragraph 11.

12. The Unisource Defendants deny the allegations in Paragraph 12.

13. The Unisource Defendants deny the allegations in Paragraph 13, except the Unisource Defendants admit that Plaintiff filed a charge of age discrimination with the EEOC in March 1999 and that the EEOC issued a right to sue letter in November 1999.

## SECOND CLAIM FOR RELIEF

1-10. The Unisource Defendants reallege and incorporate by reference their responses to Paragraphs 1-10 as if fully set forth herein.

11. The allegations in Paragraph 11 constitute conclusions of law as to which no response is required.

12. The Unisource Defendants deny the allegations in Paragraph 12.

13. The Unisource Defendants deny the allegations in Paragraph 13.

14. The Unisource Defendants deny the allegations in Paragraph 14.

15. The Unisource Defendants deny the allegations in Paragraph 15.

16. The Unisource Defendants deny the allegations in Paragraph 16.

WHEREFORE, the Unisource Defendants deny that Plaintiff is entitled to any of the relief that he requests, and further deny that Plaintiff is entitled to a trial by jury as no right to a jury trial exists under ERISA.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against Georgia Pacific under the ADEA because Georgia Pacific was not Plaintiff's employer.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has fully released all claims asserted in his Amended Complaint by his execution of a knowing and voluntary release that was negotiated by his attorney. Moreover, by his actions, Plaintiff has ratified this release.

### NINTH AFFIRMATIVE DEFENSE

All employment decisions and actions taken regarding Plaintiff were based on legitimate and nondiscriminatory business reasons.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover liquidated damages because the Unisource Defendants did not commit any willful, intentional, malicious or reckless act nor did they ratify any such act.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks relief for any employment decisions or actions which were not included in a charge timely filed with the EEOC and the CCHRO, such claims are barred. Alternatively, this Court lacks jurisdiction over them.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff complains of alleged acts of discrimination by the Unisource Defendants occurring more than 300 days before Plaintiff filed his charge of discrimination, such claims are barred. Alternatively, the Court lacks jurisdiction over them.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff complains of alleged acts of age discrimination by the Unisource Defendants for which he failed to meet the requisite 90-day time limitation for filing a lawsuit, such claims are barred. Alternatively, this Court lacks jurisdiction over them.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff failed fully to exhaust his administrative remedies, including by naming Georgia-Pacific as a respondent, his claims are barred. Alternatively, the Court lacks jurisdiction over them.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff is not entitled to any damages in connection with his claims; however, if any award is made to Plaintiff, Defendants are entitled to an offset of payments that Plaintiff has received.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for liquidated damages is barred because Defendants engaged in good faith efforts to comply with federal laws prohibiting discrimination.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because, at all times, Defendants exercised reasonable care to prevent and promptly correct any discrimination issues, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants to avoid or prevent such harm.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim under the Employee Retirement Income Security Act ("ERISA") against Unisource and/or Georgia Pacific.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts a claim for alleged employee benefits or related in any way to the alleged deprivation of employee benefits, Plaintiff has failed to exhaust the mandated administrative procedures, rights and remedies under ERISA, and therefore, this Court lacks jurisdiction over these claims.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff is claiming an ERISA violation, a jury trial is not available to Plaintiff with respect to these claims.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for monetary damages under ERISA is barred as such damages are not recoverable under the facts of this case.

Respectfully submitted,

THE DEFENDANTS
UNISOURCE WORLDWIDE, INC.
GEORGIA-PACIFIC CORPORATION

_____
Felix J. Springer (ct 05700)
Jennifer L. Sachs (ct 20684)
Day, Berry & Howard, LLP
CityPlace I
Hartford, CT 06103-3499
Tel: 860/275-0100
Fax: 860/275-0343
E-mail: fjspringer@dbh.com
   jlsachs@dbh.com

Rayne Rasty (ct 24918)
Georgia-Pacific Corporation
133 Peachtree St. NE
Atlanta, GA 30303
Tel: 404/652-4972
Fax: 404/584-1461
E-mail: rmrasty@gapac.com

## CERTIFICATE OF SERVICE

This is to certify that on this date, I served a copy of the foregoing via hand-delivery to:

>Andrew B. Bowman, Esq.
>1804 Post Road East
>Westport, CT 06880
>
>Kay Kyungsun Yu
>Pepper Hamilton LLP
>3000 Two Logan Square
>Eighteenth and Arch Streets
>Philadelphia, PA 19103

and served this date via first class mail to:

>Robert L. Wyld
>Patrick Fahey
>Shipman & Goodwin
>1 American Row
>Hartford, CT 06103
>
>Joseph J. Costello, Esq.
>Morgan, Lewis & Bockius, LLP
>1701 Market Street
>Philadelphia, PA 19103-2921

_____
Felix J. Springer