UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM E. CALLAHAN, | : | CIVIL NO. 3:01CV01205 (CFD) |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| UNISOURCE WORLDWIDE, GEORGIA- | : | |
| PACIFIC CORPORATION, ALCO | : | |
| STANDARD CORPORATION and | : | |
| IKON OFFICE SOLUTIONS, INC., | : | |
| | : | |
| Defendants | : | OCTOBER 11, 2006 |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S NUNC PRO TUNC
MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR RECONSIDERATION**

Defendants, Unisource Worldwide, Inc. and Georgia Pacific Corp., hereby object to

Plaintiff's Nunc Pro Tunc Motion for Extension of Time to File a Motion for Reconsideration.

Plaintiff has shown insufficient cause for the motion, he can raise any issues he has with this

Court's summary judgment decision on appeal, and his motion is likely only to work a delay that

is contrary to the interests of judicial economy.  More specifically:

1. Motions for Reconsideration must be filed and served within ten days from the

   filing the decision or order from which relief is sought.  Loc. Civ. R. 7(c).

   Because this Court's decision granting summary judgment was filed on

   September 15, 2006, any motion for reconsideration must have been filed on or

   before September 29, 2006.[1]

---

[1] Plaintiff contends that a motion for reconsideration was due on October 2, 2006, i.e., ten days
after the this Court entered judgment on September 18, 2006.  Local Rule 7(c) provides,
however, that the ten-day limit begins to run on the date the "decision or order" is filed, and not
on the date of the judgment.  Indeed, Plaintiff would be asking the Court to reconsider its written
decision granting summary judgment, not the clerk's formal entry of judgment.

1

2.  Plaintiff filed the instant motion on October 5, 2006 seeking a thirty-day extension of time to file a motion for reconsideration to November 1, 2006.  In support of his motion, Plaintiff contends that he let the ten-day time limit expire because he was in the process of changing counsel, and his new counsel needs additional time to "determine if filing a motion for reconsideration, appeal, or neither is appropriate."  (Pl's Motion at ¶¶ 2, 5.)  Merely changing counsel, however, does not, in this context where plaintiff was already represented by able counsel, provide the required good cause for Plaintiff's request.  E.g., George v. Cox La. Telcom, L.L.C., 2004 U.S. Dist. LEXIS 1065 at *5 (D. La. 2004); Weinberger v. Provident Life & Cas. Ins. Co., 1999 U.S. Dist. LEXIS 2685 at *1 (S.D.N.Y. 1999).  (Copies attached hereto.)

3.  Further, although Plaintiff has requested additional time to review plausible grounds for filing a motion for reconsideration, he still has sufficient time to raise the same or similar issues as he could on appeal.  The summary judgment record is not overly complex.  Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff's notice of appeal is not due until October 18, 2006, which gives Plaintiff sufficient time to review the decision and decide whether an appeal is appropriate.  Plaintiff would also have additional time  prior to briefing on appeal to research additional issues.

4.  Moreover, because more than ten days have passed since judgment entered on September 18, 2006, a motion for reconsideration will not extend the deadline for filing a notice of appeal.  See Fed. R. App. P. 4(a)(4)(vi); see Wollan v. United

<u>States DOI</u>, 1999 U.S. App. LEXIS 13257 at *4-5 (10th Cir. 1999) (copy attached hereto).

5.    Finally, any notice of appeal should be filed in a timely manner because there is a related case currently on appeal in the Second Circuit, <u>Paneccasio v. Unisource Worldwide</u>, No. 06-3950.  A briefing schedule for <u>Paneccasio</u> has already been issued, with the appellant's brief due on November 9, 2006.  As a matter of judicial economy, the Second Circuit should consider this case (should it be appealed) and <u>Panaccasio</u> in one appeal.  Indeed, in a preappeal conference before the Second Circuit, staff counsel for the Second Circuit indicated that the cases should be considered together because of the overlap of key issues, e.g., interpretation of the deferred compensation plan in which both Callahan and Panecassio participated. Granting Plaintiff's motion, therefore, may frustrate the joint consideration of these cases on appeal and is contrary to the interests of judicial economy.

6.    Accordingly, Defendants respectfully asks that Plaintiff's motion be denied.

DEFENDANTS,
UNISOURCE WORLDWIDE, INC.
AND GEORGIA PACIFIC CORP.


By /s/ Felix J. Springer_____
        Felix J. Springer (ct05700)
        Day, Berry & Howard LLP
        CityPlace I
        Hartford, CT 06103-3499
        (860) 275-0100 (telephone)
        (860) 275-0343 (facsimile)
        *fjspringer@dbh.com*
        Their Attorneys

## CERTIFICATE OF ELECTRONIC FILING/SERVICE

I hereby certify that on October 11, 2006, a copy of the foregoing Objection to Plaintiff's Nunc Pro Tunc Motion for Extension of Time to File Motion for Reconsideration was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                              _____/s/_____
                                   Felix J. Springer