LEXSEE 2004 U.S. DIST. LEXIS 1065

CONNIE GEORGE, et al. versus COX LOUISIANA TELCOM, L.L.C., et al.

CIVIL ACTION No. 03-2215 SECTION C (4)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

2004 U.S. Dist. LEXIS 1065

January 22, 2004, Decided
January 23, 2004, Filed; January 26, 2004, Entered

**SUBSEQUENT HISTORY:** Motion denied by, Motion to strike denied by *George v. Cox La. Telcom, L.L.C., 2004 U.S. Dist. LEXIS 4931 (E.D. La., Mar. 25, 2004)*

**DISPOSITION:** [*1] Plaintiff's Motion to Obtain Two Week Extension of Time for Plaintiff's Expert Reports GRANTED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In a personal injury action, plaintiffs, a husband and wife, filed a motion to obtain a two-week extension of time for plaintiffs' expert reports. Defendants, including a local telephone, cable television, and internet service provider, opposed the motion.

**OVERVIEW:** Plaintiffs missed their January 14, 2004, deadline for delivering written expert reports to opposing counsel. In moving for an extension of time, they stated that because they had recently enrolled new counsel and because the holiday season had just passed they were unable to timely complete and deliver the expert reports. They also stated that their inability to use experts in their personal injury suit would greatly hamper their ability to prove their case at trial. Defendants argued that plaintiffs, having missed their deadline, should not be permitted more time, especially in light of the fact that they waited until after the deadline to file a request for an extension of the deadline. The court agreed with defendants that plaintiffs were derelict in waiting until the deadline expired before seeking an extension, and that their reasons for requesting an extension of time—the enrollment of new counsel and the hectic holiday schedule—did not constitute good cause. Nevertheless, plaintiffs were granted an extension of time, as neither party seriously suggested that allowing a two-week extension would prejudice defendants.

**OUTCOME:** Plaintiffs' motion to obtain a two-week extension of time to deliver their expert reports to opposing counsel was granted because defendants did not show they would be prejudiced by plaintiffs' delay and plaintiffs' case would have been severely hampered by denying their motion.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pretrial Matters > Conferences > Pretrial Orders*
*Civil Procedure > Pretrial Matters > Conferences > Scheduling Conferences*
*Civil Procedure > Pretrial Matters > Continuances*
[HN1] The United States Court of Appeals for the Fifth Circuit grants district courts broad discretion to preserve the integrity and purpose of a pretrial scheduling order. Pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(B), a district court has authority to bar an expert witness from testifying where counsel has failed to comply with deadlines spelled out in a scheduling order. A district court is to weigh the following four factors in determining whether to exclude an expert's proposed testimony: (1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such testimony by granting a continuance; and (4) the importance of the witness's testimony.

**COUNSEL:** For CONNIE GEORGE, ROBERT GEORGE, plaintiffs: Frederick Burkart, Frederick Burkart, Attorney at Law, Peter Frank Liberto, Peter Frank Liberto, Attorney at Law, New Orleans, LA.

For COX LOUISIANA TELCOM, L.L.C. aka Cox Communications, defendant: Wayne Robert Maldonado, Ungarino & Eckert, LLC, Metairie, LA.

For COX LOUISIANA TELCOM, L.L.C. aka Cox

Communications, third-party plaintiff: Wayne Robert Maldonado, Ungarino & Eckert, LLC, Metairie, LA.

**JUDGES:** Helen G. Berrigan, United States District Judge.

**OPINION BY:** Helen G. Berrigan

**OPINION:**

Before the Court is Plaintiffs' Motion to Obtain a Two Week Extension of Time for Plaintiffs' Expert Reports, which was set for hearing on the briefs on January 21, 2004. (Rec. Doc. 10). Defendants have filed a memorandum in opposition. (Rec. Doc. 12). Upon a thorough review of the law, the record, the Motion, and the memoranda filed in support of and in opposition to the Motion, the Court concludes that Plaintiffs' Motion to Obtain a Two Week Extension of Time for Plaintiffs' Expert Reports is **GRANTED.**

### BACKGROUND

The above captioned matter involves [*2] a dispute between Defendants, a local telephone, cable television, and internet provider, and one of its customers, Plaintiff Connie George. Mrs. George, according to Plaintiffs' complaint, while mowing her lawn, rode her riding lawnmower over a cable which Defendants negligently failed to remove from Plaintiffs' yard; and the cable became entangled with the lawnmower. (Rec. Doc. 1). Mrs. George, after dismounting the vehicle, tripped on the wire and fell backward into the lawnmower injuring herself. Subsequently, Plaintiffs, Mrs. George and her husband, brought suit seeking recovery for these injuries.

Currently, the final pretrial conference is scheduled for April 14, 2004. A non-jury trial is set for May 3, 2004. As set out in the pretrial scheduling order, Plaintiffs' deadline for delivering written expert reports to opposing counsel was January 14, 2004. (Rec. Doc. 6). On January 15, 2004, Plaintiffs filed this Motion, in which they asked the Court to enroll attorney, Peter Liberto, as additional counsel of record and to extend the deadline within which to exchange his written expert reports with opposing counsel. Mr. Liberto was enrolled as additional counsel of record on January 16, 2004. All [*3] that remains before the Court is Plaintiffs' request for additional time to procure and deliver to opposing counsel the expert reports of Mrs. George's treating physicians.

### DISCUSSION

[HN1] The Fifth Circuit grants district courts "broad discretion to preserve the integrity and purpose of the pretrial scheduling order." *Barrett v. Atl. Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996)* (quoting *Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir. 1990)*. Pursuant to *Rules 16(f) and 37(b)(2)(B)* of the Federal Rules of Civil Procedure, a district court has authority to bar an expert witness from testifying where counsel has failed to comply with deadlines spelled out in the scheduling order. *FED R. CIV. PROC. 16(f); FED R. CIV. PROC. 37(b)(2)(B); Std. Servs. Co. v. Witex USA, Inc., 2003 U.S. Dist. LEXIS 7233, 2003 WL 2004442, at *2 (E.D. La. Apr. 30, 2003)*. A district court is to weigh the following four factors in determining whether to exclude an expert's proposed testimony:

> (1) the explanation, if any, for the party's failure to comply with the discovery order;
> (2) the prejudice to [*4] the opposing party of allowing the witnesses to testify;
> (3) the possibility of curing such testimony by granting a continuance; and
> (4) the importance of the witness's testimony.

*Barrett, 95 F.3d at 380.*

As stated before, Plaintiffs' deadline for delivering written expert reports to opposing counsel was January 14, 2004. (Rec. Doc. 6). Plaintiffs have not to date filed written expert reports on Defendants. The scheduling order in the instant matter states that "the Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness or exhibits, except when an order is issued to do so on motion for good cause shown." (Rec. Doc. 6).

Plaintiffs have stated in brief that because they have recently enrolled new counsel and because the holiday season has just passed they were unable to complete and deliver the expert reports to opposing counsel. Additionally, Plaintiffs aver that Defendants have still not served all of the third party defendants they brought into the suit. Specifically, Plaintiffs state that Third Party Defendant, Gibson Technical Service, has [*5] yet to be served.

Last, Plaintiffs state that their inability to use experts in this personal injury suit would greatly hamper their ability to prove their case at trial.

Defendants argue that Plaintiffs, having missed their deadline, should not be permitted more time, especially in light of the fact that they waited until after the deadline to file a request for an extension of the deadline. Defendants further suggest that Plaintiffs' reasons for requesting an extension of time—the enrollment of new counsel and the hectic holiday schedule—do not constitute good cause.

The Court agrees with Defendants that Plaintiffs were

derelict in waiting until the deadline epired before seeking an extension. Likewise, Plaintiffs were derelict in their tardy addition of new counsel if such was necessary to prepare the expert evidence.

Plaintiffs' reliance on the holiday season as a justification for delay is also meritless, since such holidays can and should be anticipated by counsel and his timetable adjusted accordingly.

Nevertheless, the Court shall grant Plaintiffs' request for an extension of time. Neither party has seriously suggested that allowing a two week extension would prejudice [*6] Defendants. Indeed, as Defendants freely admit, they have already received Mrs. George's medical records.

If Defendants require additional time to avoid prejudice, such a request can be made.

## CONCLUSION

Therefore, because the Court finds that Defendants have not shown prejudice by Plaintiffs' delay and Plaintiffs' case would be severely hampered by denying Plaintiffs' Motion, Plaintiff's Motion to Obtain a Two Week Extension of Time for Plaintiff's Expert Reports is **GRANTED.**

Helen G. Berrigan

United States District Judge

LEXSEE 1999 U.S. DIST. LEXIS 2685

SAMUEL WEINBERGER, Plaintiff, v. PROVIDENT LIFE AND CASUALTY COMPANY, a/k/a PROVIDENT LIFE AND ACCIDENT COMPANY, Defendant.

97 Civ. 9262 (JGK)(HBP)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1999 U.S. Dist. LEXIS 2685

March 8, 1999, Decided
March 10, 1999, Filed

**DISPOSITION:** [*1] Plaintiff's application for an extension of time to the requests for admission and interrogatories that served on him on December 3, 1998 denied in all respects.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff individual moved for an extension of time nunc pro tunc to respond to defendant insurer's requests for admissions and interrogatories on the grounds that he was acting pro se at the time the requests were served.

**OVERVIEW:** In plaintiff individual's action against defendant insurer, plaintiff's counsel moved to withdraw. After being informed by plaintiff that several attorneys were willing to take plaintiff's case, the magistrate judge granted the motion to withdraw and admonished plaintiff to retain new counsel as soon as possible. Subsequently, defendant served plaintiff with requests for admissions and interrogatories. Plaintiff moved for an extension of time to respond to the requests. The magistrate judge denied the motion, finding that, despite the magistrate's express warnings that the action would not be stayed while plaintiff sought new counsel, plaintiff inexplicably waited two months before new counsel entered a notice of appearance. The magistrate explained that, although the application of Fed. R. Civ. P. 36 operated harshly, the situation was of plaintiff's own making and that strict adherence to the procedural requirement was the best guarantee of evenhanded administration of the law.

**OUTCOME:** The magistrate judge denied plaintiff individual's motion for an extension of time to respond to defendant insurer's requests for admissions and interrogatories, finding that plaintiff's argument that he was acting pro se at the time the requests were served was unavailing where plaintiff, without explanation, waited two months before retaining new counsel.

**COUNSEL:** For SAMUEL WEINBERGER, plaintiff: Barry J. Glickman, Zeichner Ellman & Krause, New York, NY.

For PROVIDENT LIFE AND CASUALTY INSURANCE COMPANY aka Provident Life and Accident Insurance Company, defendant: Edward C. Cerny, III, Lane & Mittendorf, New York, NY.

For PROVIDENT LIFE AND CASUALTY INSURANCE COMPANY aka Provident Life and Accident Insurance Company, counter-claimant: Edward C. Cerny, III, Lane & Mittendorf, New York, NY.

**JUDGES:** HENRY PITMAN, United States Magistrate Judge.

**OPINION BY:** HENRY PITMAN

**OPINION:**

MEMORANDUM OPINION AND ORDER

PITMAN, United States Magistrate Judge:

By letter dated February 11, 1999, plaintiff moves for an extension of time nunc pro tunc to respond to requests for admissions and interrogatories that were served on him on December 3, 1998. Plaintiff's application is denied because plaintiff has failed to show good cause for the extension sought.

The principal reason offered by plaintiff is the fact that he was pro se at the time the requests for admission were served and did not retain new counsel until late January 26, 1999. In light of the history of this case, however, this

explanation is unavailing.

Plaintiff was represented by counsel from the inception of the case through December 1, 1998, when I granted plaintiff's former counsel, Matarazzo Blumberg & Associates, P.C. ("MBA"), leave to withdraw. The issue of MBA's withdrawal was first raised at a November 17, 1998 conference at which plaintiff was personally [*2] present. At that time, I reserved decision on MBA's motion to withdraw, stating:

> I am going to reserve on the application to withdraw at this time. I am very concerned about whether or not withdrawal at this point would adversely affect the schedule set by Judge Koeltl. What I'm going to do is — Mr. Weinberger, I am going to direct you to make diligent efforts forthwith to locate new counsel in this case. You need to start calling attorneys tomorrow.

(Transcript of proceedings, November 17, 1998 at 10 (emphasis added)).

One week later, November 24, 1998, I held a tape-recorded conference call with counsel for all parties and the plaintiff. During the course of that call, plaintiff stated that he had already spoken to several attorneys who had advised that they would be willing to take the case (Transcript of Conference Call, November 24, 1998 at 2). After hearing additional colloquy, I granted MBA's motion to withdraw and gave plaintiff the following admonitions:

> Mr. Weinberger, you currently do not have counsel, so it behooves you to retain counsel as soon as possible if you want to proceed with counsel. You have the right to proceed pro se if that is [*3] your choice
>
> * * *
>
> So Mr. Weinberger, it really is in your interest, if you're going to retain counsel, to retain them as soon as possible, because the action is not being suspended. There is not enough time left to stop the action. Things are proceeding apace, and the pretrial order is due in January, so counsel really should be retained forthwith.

(Id. at 17, 20).

Plaintiff's present application offers no explanation whatsoever why plaintiff waited two months before retaining new counsel. As the foregoing excerpts from the record establish, plaintiff knew in late November that he needed to retain new counsel forthwith and had actually spoken to several attorneys at that time who were willing to take the case. Yet, in spite of the fact that plaintiff was expressly warned that the action would not be stayed while he sought new counsel, plaintiff inexplicably waited two months before counsel entered a notice of appearance.

Although I realize that the Court has wide discretion in granting requests for extension of time, no colorable excuse has been offered for the exercise of that discretion here. I also realize that literal application of Fed.R.Civ.P. 36 here may operate [*4] harshly against plaintiff. However, the situation is entirely plaintiff's own making, and, as the Supreme Court has repeatedly noted, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 65 L. Ed. 2d 532, 100 S. Ct. 2486 (1980); accord *McNeil v. United States,* 508 U.S. 106, 113, 124 L. Ed. 2d 21, 113 S. Ct. 1980 (1993); *Hallstrom v. Tillamook County,* 493 U.S. 20, 31, 107 L. Ed. 2d 237, 110 S. Ct. 304 (1990); *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152, 80 L. Ed. 2d 196, 104 S. Ct. 1723 (1984).

Accordingly, plaintiff's application for an extension of time to the requests for admission and interrogatories that were served on him on December 3, 1998 is denied in all respects.

Dated: New York, New York

March 8, 1999

SO ORDERED

HENRY PITMAN

United States Magistrate Judge

LEXSEE 1999 U.S. APP. LEXIS 13257

JAMES A. WOLLAN, Plaintiff-Appellant, v. UNITED STATES DEPARTMENT OF THE INTERIOR; BUREAU OF LAND MANAGEMENT; UNITED STATES DEPARTMENT OF AGRICULTURE; UNITED STATES FOREST SERVICE; ELIZABETH A. ESTILL, Regional Forester, Rocky Mountain Region, R2, Denver; KEYSTONE RESORTS MANAGEMENT, INC., a Colorado corporation; RALSTON RESORTS, INC., a Missouri corporation; INTRAWEST, INC., a Delaware corporation; KEYSTONE/INTRAWEST, L.L.C., a Colorado Limited Liability Company; VAIL SUMMIT RESORTS, INC., a Colorado corporation; and JOHN AND JANE DOES ONE THROUGH TEN, Defendants-Appellees.

No. 98-1219

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

*1999 U.S. App. LEXIS 13257; 1999 Colo. J. C.A.R. 3576*

**June 16, 1999, Filed**

**NOTICE:** [*1] RULES OF THE TENTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:**

Reported in Table Case Format at: *1999 U.S. App. LEXIS 25902.*

**PRIOR HISTORY:** (D. Colo.). (D.C. No. 97-K-36).

**DISPOSITION:** Appeal of the district court's orders of March 4, 1998, and March 13, 1998, DISMISSED for lack of jurisdiction. Judgment of the district court AFFIRMED in part. Plaintiff's motion to supplement record on appeal denied as moot.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff appealed orders of the United States District Court for the District of Colorado that granted private defendants' motion for summary judgment, amended nunc pro tunc to include all government defendants, and denied plaintiff's purported pro se motion for reconsideration, in an action for an unlawful taking of land.

**OVERVIEW:** Plaintiff sought to recover for an alleged unlawful taking of land. The court dismissed the appeal of the grant of summary judgment because it did not have jurisdiction. Plaintiff failed to file its notice timely as required by *Fed. R. App. P. 3(c), 4(a)(1)(B).* No tolling of the deadline was available because plaintiff was not advised that it correctly performed the motion to reconsider. The court reviewed the appeal as applicable to the denial of plaintiff's motion to reconsider, and found the district court did not abuse its substantial discretion in denying plaintiff's motion to reconsider. The motion was not filed within 10 days as required by *Fed. R. Civ. P. 59(e)*, therefore the court considered it under *Fed. R. Civ. P. 60(b)* as based on extraordinary circumstances. Plaintiff failed to plead the elements of *Fed. R. Civ. P. 60(b).*

**OUTCOME:** The appeal from the grant of summary judgment in favor of defendants was dismissed because the circuit court lacked jurisdiction. The order that denied plaintiff's motion for reconsideration was affirmed because there was no substantial abuse of discretion. Plaintiff's motion to supplement the record on appeal was denied as moot.

LexisNexis(R) Headnotes

*Civil Procedure > Appeals > Reviewability > Notice of Appeal*
*Civil Procedure > Appeals > Reviewability > Time Limitations*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN1] When United States is a party, notice of appeal must be filed within sixty days after entry of order appealed from. *Fed. R. App. P. 4(a)(1)(B).*

*Civil Procedure > Pleading & Practice > Pleadings >*

Case 3:01-cv-01205-CFD   Document 106-2   Filed 10/11/2006   Page 7 of 10

Page 2
1999 U.S. App. LEXIS 13257, *1; 1999 Colo. J. C.A.R. 3576

*Amended Pleadings > General Overview*
*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
[HN2] The federal rules do not recognize a motion to reconsider. The party seeking reconsideration must file a motion to alter or amend judgment under *Fed. R. Civ. P. 59(e)*, or a motion seeking relief from judgment under *Fed. R. Civ. P. 60(b)*.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > General Overview*
*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
*Civil Procedure > Appeals > Reviewability > Time Limitations*
[HN3] A motion to alter or amend judgment under *Fed. R. Civ. P. 59(e)* must be filed within ten days of the entry of judgment, and if timely filed, tolls the time for filing the notice of appeal under *Fed. R. App. P. 4(a)(4)*.

*Civil Procedure > Judgments > Relief From Judgment > Extraordinary Circumstances*
*Civil Procedure > Appeals > Reviewability > Time Limitations*
[HN4] A motion filed after the ten-day period of *Fed. R. Civ. P. 59(e)* is construed as a motion seeking relief from judgment under *Fed. R. Civ. P. 60(b)*, and the time for filing a notice of appeal is not tolled. *Fed. R. App. P. 4(a)(4)(A)(vi)*.

*Civil Procedure > Pleading & Practice > Pleadings > Time Limitations > Extensions*
[HN5] *Fed. R. Civ. P. 6(b)* provides that a court may, within its discretion, order an enlargement of time in which to file a motion, but it lacks the authority to grant an extension of time to file a *Fed. R. Civ. P. 59(e)* motion.

*Civil Procedure > Pleading & Practice > Pleadings > Time Limitations > Extensions*
*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
*Civil Procedure > Appeals > Reviewability > Notice of Appeal*
[HN6] If plaintiff did an act, which if properly done, would toll the time for filing an appeal, unique circumstances exist, and appeal should be heard on the merits. This rule applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done.

*Civil Procedure > Appeals > Reviewability > Notice of Appeal*
[HN7] *Fed. R. App. P. 3(c)* requires a notice of appeal to specify the party making the appeal, the judgment or order from which the party appeals, and the court to which the appeal is taken.

*Civil Procedure > Summary Judgment > Appellate Review > Appealability*
*Civil Procedure > Summary Judgment > Appellate Review > Standards of Review*
*Civil Procedure > Appeals > Reviewability > Notice of Appeal*
[HN8] The *Fed. R. App. P. 3* dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review.

*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
*Civil Procedure > Appeals > Reviewability > General Overview*
*Civil Procedure > Appeals > Standards of Review*
[HN9] An appeal from the denial of a *Fed. R. Civ. P. 60(b)* motion raises for review only the district court's denial and not the underlying judgment.

*Civil Procedure > Judgments > Relief From Judgment > Extraordinary Circumstances*
[HN10] *Fed. R. Civ. P. 60(b)* relief is discretionary and is warranted only in exceptional circumstances.

*Civil Procedure > Judgments > Relief From Judgment > General Overview*
[HN11] *Fed. R. Civ. P. 60(b)* provides: On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic) misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

COUNSEL: For JAMES A. WOLLAN, Plaintiff - Appellant: James A. Wollan, Silverthorne, CO.

For UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, UNITED STATES DEPARTMENT OF AGRICULTURE, UNITED STATES FOREST

1999 U.S. App. LEXIS 13257, *1; 1999 Colo. J. C.A.R. 3576

SERVICE, Defendants - Appellees: Henry L. Solano, U.S. Attorney, Stacey L. Ross, Office of the United States Attorney, Denver, CO. Kathleen L. Torres, Office of the United States Attorney, Denver, CO.

For ELIZABETH A. ESTILL, Defendant - Appellee: Henry L. Solano, U.S. Attorney, Office of the United States Attorney, Denver, CO. Kathleen L. Torres, Office of the United States Attorney, Denver, CO.

For KEYSTONE RESORTS MANAGEMENT, INC., RALSTON RESORTS, INC, INTRAWEST, INC., KEYSTONE/INTRAWEST, L.L.C., VAIL SUMMIT RESORTS, INC., [*2] Defendants - Appellees: David C. Warren, David S. Neslin, Arnold & Porter, Denver, CO.

JUDGES: Before BRORBY, EBEL, and BRISCOE, Circuit Judges.

OPINION BY: MARY BECK BRISCOE

OPINION:

### ORDER AND JUDGMENT *

> \* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See Fed. R. App. P. 34(a)(2)*; *10*th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff James A. Wollan filed this action in January 1997, alleging that defendants United States Department of Interior, Bureau of Land Management, United States Department of Agriculture, United States Forest Service, Elizabeth [*3] Estill, Keystone Resorts Management, Inc., Ralston Resorts, Intrawest Inc., Keystone/Intrawest, LLC, Vail Summit Resorts, Inc., and ten John and Jane Does, engaged in an unlawful taking of land belonging to him in a land exchange between Vail and the United States Forest Service. On March 4, 1998, the district court granted summary judgment in favor of the Keystone and Vail defendants, and on March 13, 1998, it amended the judgment to include the remaining government defendants *nunc pro tunc* March 4, 1998.

On March 6, 1998, the district court granted plaintiff's motion for an extension of time to April 6, 1998, to file his request for reconsideration. On April 6, 1998, plaintiff, acting pro se, filed what purported to be a motion for reconsideration of the district court's judgments granting summary judgment. On April 7, 1998, the district court denied this motion on the grounds that plaintiff had not raised any new arguments or offered new evidence which would justify reconsideration. On April 18, 1998, plaintiff filed a document titled "Motion Confirming 60 Days to Make Notice of Appeal," seeking assurance from the district court that he had sixty days from April 7, 1998, the [*4] date the court denied his motion for reconsideration, to file his notice of appeal. The court struck the motion as an inappropriate attempt to seek legal advice from the court, and referred plaintiff to *Fed. R. App. P. 4*.

Plaintiff did not file his notice of appeal until June 8, 1998. *See Fed. R. App. P. 4(a)(1)(B)* ([HN1] when United States is a party, notice of appeal must be filed within sixty days after entry of order appealed from). Therefore, we initially consider whether this court has jurisdiction to consider the district court's orders on appeal. *See Smith v. Barry, 502 U.S. 244, 245, 116 L. Ed. 2d 678, 112 S. Ct. 678 (1992)* (holding that federal appellate jurisdiction is conditioned on filing a timely notice of appeal).

[HN2] The federal rules do not recognize a motion to reconsider. The party seeking reconsideration must file a motion to alter or amend judgment under *Fed. R. Civ. P. 59(e)*, or a motion seeking relief from judgment under *Fed. R. Civ. P. 60(b)*. *See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991)*. [HN3] A motion to alter or amend judgment under Rule 59(e) must be filed within ten days of the entry of judgment, and if timely filed, tolls the time [*5] for filing the notice of appeal under *Fed. R. App. P. 4(a)(4)*. [HN4] A motion filed after the ten-day period is construed as a motion seeking relief from judgment under Rule 60(b), *see Van Skiver, 952 F.2d at 1243*, and the time for filing a notice of appeal is not tolled, *see Fed. R. App. P. 4(a)(4)(A)(vi)*.

[HN5] *Fed. R. Civ. P. 6(b)* provides that a court may, within its discretion, order an enlargement of time in which to file a motion, but it lacks the authority to grant an extension of time to file a Rule 59(e) motion. *See Collard v. United States, 10 F.3d 718, 719 (10th Cir. 1993)* (holding that Rule 6(b) prohibits a district court from extending the time within which to file a Rule 59(e) motion). Plaintiff asserts that he relied to his detriment on the district court's grant of his motion for an extension of time to file his motion for reconsideration. He contends that because the district court granted an extension of time, he has shown "unique circumstances" which should

1999 U.S. App. LEXIS 13257, *5; 1999 Colo. J. C.A.R. 3576

excuse his untimely notice of appeal. *See Thompson v. INS, 375 U.S. 384, 386-87, 11 L. Ed. 2d 404, 84 S. Ct. 397 (1964)* ([HN6] if plaintiff did an act, which if properly done, would toll the time for filing an [*6] appeal, unique circumstances exist, and appeal should be heard on the merits).

In *Osterneck v. Ernst & Whinney, 489 U.S. 169, 179, 103 L. Ed. 2d 146, 109 S. Ct. 987 (1989)*, the Court limited *Thompson* to apply "only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." Here, the fact that the district court granted plaintiff's motion for extension of time is not the "specific assurance" required by *Osterneck*. *See, e.g., Certain Underwriters at Lloyds of London v. Evans, 896 F.2d 1255, 1258 (10th Cir. 1990)* (holding that where the district court improperly granted a motion for an extension of time to file an appeal, no unique circumstances existed). Therefore, under Rule 6(b), the district court had no authority to extend the time for filing a Rule 59(e) motion, and plaintiff's reliance on the extension of time was unreasonable.

[HN7] *Fed. R. App. P. 3(c)* requires a notice of appeal to specify the party making the appeal, the judgment or order from which the party appeals, and the court to which the appeal is taken. Therefore, [*7] next we consider whether we can construe plaintiff's "Motion Confirming 60 Days to Make Notice of Appeal" as the "functional equivalent" of a notice of appeal. *See Grimsley v. MacKay, 93 F.3d 676, 678 (10th Cir. 1996)* (reiterating holding that "documents other than the notice of appeal filed within the appropriate period, such as a docketing statement, may cure defects in the notice of appeal").

Plaintiff's "Motion Confirming 60 Days to Make Notice of Appeal" requests that the district court confirm that he has sixty days from the date the court denied his motion to reconsider to file his notice of appeal. Even construing the requirements of Rule 3(c) liberally, *see Hatfield v. Board of County Comm'rs, 52 F.3d 858, 862 n.3 (10th Cir. 1995)*, plaintiff's motion does not contain the information required by Rule 3(c). [HN8] "Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review." *Smith, 502 U.S. at 248*. Therefore, we determine that plaintiff's motion does not comport either technically or functionally with the requirements for a notice of appeal, and this court lacks jurisdiction to review the correctness of the district court's [*8] summary judgment orders.

Plaintiff's June 8, 1998 notice of appeal, however, would still be timely as to the district court's denial of plaintiff's motion for reconsideration (construed as a Rule 60(b) motion). n1 *See Van Skiver, 952 F.2d at 1243* ([HN9] an appeal from the denial of a Rule 60(b) motion raises for review only the district court's denial and not the underlying judgment). [HN10] Rule 60(b) relief is discretionary and is warranted only in exceptional circumstances. *See Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996)*.

> n1 Plaintiff's sixtieth day fell on Saturday, June 6, 1998, therefore his filing on Monday, June 8, 1998, was timely as to the April 7, 1998 denial of his motion for reconsideration. *See Fed. R. Civ. P. 6(a)* (excluding Saturday and Sunday from calculation of time periods under rules).

Plaintiff continues to argue his alleged legal right to the land in question. At no point in his many pleadings does plaintiff explain how his motion to reconsider satisfied any of Rule [*9] 60(b)'s six grounds for relief. n2 Therefore, in the absence of any argument supporting the grant of relief under Rule 60(b), we conclude that the district court did not abuse its substantial discretion in denying plaintiff's motion to reconsider. *See Hernandez v. Starbuck, 69 F.3d 1089, 1093 (10th Cir. 1995)* (holding that court is "not required to manufacture a party's argument on appeal when it has failed in its burden to draw our attention to the error below").

> n2 Rule 60(b) provides in part:
>
> > [HN11] On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic) misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

[*10]

1999 U.S. App. LEXIS 13257, *10; 1999 Colo. J. C.A.R. 3576

Plaintiff's appeal of the district court's orders of March 4, 1998, and March 13, 1998, is DISMISSED for lack of jurisdiction. To the extent that plaintiff's appeal challenges the district court's denial of his Rule 60(b) motion, we AFFIRM the judgment of the district court. Plaintiff's motion to supplement the record on appeal is denied as moot. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe

Circuit Judge