UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM E. CALLAHAN, | : | CIVIL NO. 3:01CV01205 (CFD) |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| UNISOURCE WORLDWIDE, GEORGIA-PACIFIC CORPORATION, ALCO STANDARD CORPORATION and IKON OFFICE SOLUTIONS, INC., | : : : : | |
| | : | |
| Defendants | : | OCTOBER 13, 2006 |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION
FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

    Defendants, Unisource Worldwide, Inc. and Georgia Pacific Corp., hereby object to Plaintiff's Motion for Extension of Time to File Notice of Appeal. Plaintiff has shown insufficient cause for the motion, he still has ample time to file a notice of appeal, and his motion is likely only to work a delay that is contrary to the interests of judicial economy. Plaintiff recently filed a Motion for Extension of Time (Nunc Pro Tunc) to File a Motion for Reconsideration. Defendants objected to that motion, and object to the instant motion for substantially the same reasons as set forth in their Objection to Plaintiff's Motion for Extension of Time to File a Motion for Reconsideration. For the reasons set forth below, the Defendants would request that if an extension of time is granted then it be for only an additional week or at most ten days to increase the likelihood that, if an appeal is filed, it can be considered along with the appeal in the Paneccasio matter noted below. More specifically:

1. On September 18, 2006, the clerk formally entered judgment on Defendants' Motion for Summary Judgment. Plaintiff therefore had 30 days to file a Notice of Appeal, or until October 18, 2006.

1

2. Plaintiff seeks until November 17 to file a Notice of Appeal. In support of his motion, Plaintiff cites that he recently retained new counsel and wished to "preserve his right to file a notice of appeal in the event that a motion for reconsideration is not appropriate." (Pl's Motion at ¶ 1.) Merely changing counsel does not, in this context where plaintiff was already represented by able counsel, provide the required good cause for Plaintiff's request. E.g., George v. Cox La. Telcom, L.L.C., 2004 U.S. Dist. LEXIS 1065 at *5 (D. La. 2004); Weinberger v. Provident Life & Cas. Ins. Co., 1999 U.S. Dist. LEXIS 2685 at *1 (S.D.N.Y. 1999). (Copies attached hereto.)

3. As indicated in Defendants' Objection regarding the motion for reconsideration, because more than ten days have passed since judgment entered on September 18, 2006, a motion for reconsideration will not extend the deadline for filing a notice of appeal. See Fed. R. App. P. 4(a)(4)(vi); see Wollan v. United States DOI, 1999 U.S. App. LEXIS 13257 at *4-5 (10th Cir. 1999) (copy attached hereto).

4. Plaintiff has more than ample time to review the summary judgment record, which is not overly complex, to determine whether an appeal is appropriate. Plaintiff would also have additional time prior to briefing on appeal to research additional issues.

5. Plaintiff has not even attempted to show "excusable neglect or good cause" as is required by Rule 4(A)(ii) of the Federal Rules of Appellate Procedure. Plaintiff instead has simply requested that the Court grant the instant motion because he would like more time.

6. Finally, any notice of appeal should be filed in a timely manner because there is a related case currently on appeal in the Second Circuit, <u>Paneccasio v. Unisource Worldwide</u>, No. 06-3950.  A briefing schedule for <u>Paneccasio</u> has already been issued, with the appellant's brief due on November 9, 2006.  As a matter of judicial economy, the Second Circuit should consider this case (should it be appealed) and <u>Panaccasio</u> in one appeal.  Indeed, in a preappeal conference before the Second Circuit, staff counsel for the Second Circuit indicated that the cases should be considered together because of the overlap of key issues, e.g., interpretation of the deferred compensation plan in which both Callahan and Panecassio participated.  Granting Plaintiff's motion, therefore, may frustrate the joint consideration of these cases on appeal and is contrary to the interests of judicial economy.

7. Accordingly, Defendants respectfully asks that Plaintiff's motion be denied.

       DEFENDANTS,
       UNISOURCE WORLDWIDE, INC.
       AND GEORGIA PACIFIC CORP.

       By  /s/ Felix J. Springer_____
            Felix J. Springer (ct05700)
            Day, Berry & Howard LLP
            CityPlace I
            Hartford, CT 06103-3499
            (860) 275-0100 (telephone)
            (860) 275-0343 (facsimile)
            *fjspringer@dbh.com*
            Their Attorneys

**CERTIFICATE OF ELECTRONIC FILING/SERVICE**

      I hereby certify that on October 13, 2006, a copy of the foregoing Objection to Plaintiff's Nunc Pro Tunc Motion for Extension of Time to File Motion for Reconsideration was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                      /s/_____
                                                        Felix J. Springer